## Matteo Zustovich, Defendant in Error, v. Charles E. Mor= rison, Plaintiff in Error.

## Gen. No. 15,798.

1. MUNICIPAL COURT—*effect of failure to file amendment to state-ment of claim.* If an amendment to a statement of claim is not filed notwithstanding leave of court granted so to do, the omission is unavailing on appeal in the absence of its having been pointed out in the trial court.

2. LANDLORD AND TENANT—*when original lessee and not intervening assignee entitled to interest upon deposit.* Held, that the interposition during a temporary period of an assignee of the original lessee did not entitle him as against the original lessee, to whom the premises were ultimately surrendered, to the interest upon a sum which had been deposited with the landlord as security for rent upon which interest was to be paid at the end of the term in the event of full compliance by the lessee with the terms of the lease.

Error to the Municipal Court of Chicago; the HON. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

BUELL & ABBEY, for plaintiff in error.

ARTHUR C. BACHRACH, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

On December 7, 1905, the defendant in error, herein-after called the plaintiff, leased from the plaintiff in error, hereinafter called the defendant, a store and basement in the city of Chicago, the term of the lease being from January 1, 1906, to April 30, 1909.

Among others, the lease contained a provision where-by the plaintiff was required to deposit with the de-fendant the sum of $1,350 to apply on the rent for the last three months of the term. In respect to this mat-

ter the lease contains the following:

"Said amount is received and shall be applied as rent of said months providing the terms and conditions of this lease are promptly complied with.    Should the party of the second part fail to carry out the covenants and conditions of this lease the thirteen hundred and fifty ($1,350) dollars deposited shall be forfeited to the party of the first part as liquidated damages. In case the party of the second part complies with all the covenants and conditions of this lease, party of the first part hereby agrees to pay party of the second part interest at the rate of three (3 per cent. per annum upon said thirteen hundred and fifty ($1,350) dollars from the first (1st) day of May, 1906, to the first (1st) day of February, 1909.    Said interest to be payable February 1, 1909.''

Suit was brought against Charles E. Morrison, individually, and Charles J. Carter.    Later it was dismissed as to Carter, and by leave of court the name of defendant was amended to read: "Charles E. Morrison, Trustee of the Estate of Ezekiel Morrison.''

The case was submitted on the following statement of facts:

"That the plaintiff on or about said day duly signed cember, A. D.    1905, executed, sealed and delivered to the plaintiff a lease in the words and figures following, to wit:    (Then follows lease in the same form as "Exhibit A'' attached to defendant's affidavit of merits.)

"That the plaintiff on or about said day duly signed and sealed said lease; that the plaintiff, pursuant to said lease on the 1st day of January, 1906, entered into possession of the premises described in said lease and continued to occupy the same until on or about May 1, 1906, and during said period paid the amount of rent specified in said lease for said period; that on the 1st day of May, 1906, the plaintiff executed the assignment attached to said lease and that one Charles J. Carter signed the assignment and acceptance appearing on said lease and that on said day the defendant signed

the consent to assignment appearing on said lease; that on or about the 1st day of May, 1906, the said Charles J. Carter entered into possession of the premises described in said lease and paid to the defendant the amount of rent specified in said lease for the month of May, 1906; that pursuant to said lease plaintiff at the time of execution of same deposited with the defendant $1,350 to be applied in accordance with the terms expressed in said lease; that on or about the 1st day of June, 1906, the said Charles J. Carter gave up the possession of said premises and plaintiff again entered into possession of same and so remained in possession for about four months with the knowledge of the defendant and during said time paid the rent specified in said lease to the defendant; that the defendant executed a receipt each month for said rent and delivered the same to the plaintiff, said receipt reciting that said rent has been paid by the said Charles J. Carter; that after the expiration of said four months, one Samuel Schwartz, with the knowledge of the defendant entered into possession of said premises; said possession was under an agreement between said Schwartz and the plaintiff, and said Schwartz paid the monthly rental to defendant until the 1st day of February, 1909; that at the time when such monthly payments were made to defendant he executed a receipt reciting that said rent had been paid by Charles J. Carter; that for the months of February, March and April, 1909, no one paid rent for said premises; that the defendant applied the said $1,350 placed in his hands in payment of the rent for said three months; that at the expiration of said lease a new lease was made to said Schwartz.    That the only question involved in this suit is whether or not the plaintiff or said Carter is entitled to the three per cent. interest upon said deposit of $1,350 specified in said lease.''

In addition to this statement the testimony of the plaintiff was introduced, and also that of the defend-

ant.     The plaintiff testified that on June 1, 1906, the date that Carter vacated the premises, he went to the office of the defendant with Carter; that Carter said that he was unable to make the business go, and asked the plaintiff to take back the lease and fixtures; that the plaintiff consented to the request and that Carter gave the lease back to the plaintiff and that the plaintiff then exhibited the lease to the defendant and requested the defendant to fix it up so that he could immediately resume possession; that the defendant said: "That's all right.     I always look to you for the rent anyway."

The testimony of the defendant is to the effect that Carter was not with the plaintiff at the time, and the defendant denied that he had made the statement which the plaintiff testified he made, and testified further that all he said to the plaintiff was that he (the plaintiff) was liable for the payment of the rent and that the defendant had no interest in the matter, and would look to the plaintiff for the payment of the rent if Carter did not pay the same.

There was a hearing before the court without a jury and a finding and judgment for the plaintiff.

We are asked to reverse this judgment on the ground, first, that the process and statement of claim were not amended, although an order was entered permitting that to be done.     We see no merit in this contention. The point does not seem to have been raised during the trial and, in our opinion, cannot be raised for the first time after judgment has been entered.     In the Municipal Court there are no written pleadings, and therefore the large number of cases referred to by counsel for defendant which have to do with amendments to declarations do not apply. In the case of Chicago & Alton R. R. Co. v. Heinrich, 157 Ill. 388, it appeared that in the introductory part of the declaration the railroad company was designated as the Chicago, Alton & St. Louis R. R. Co., and the court held that as the company had pleaded by its right name in bar it waived the

misnomer, and that in addition the defect was cured after verdict by the Statute of Amendments and Jeofails.    In addition to that we are concluded upon the point raised by the provisions of sub-sections 7 and 8 of section 23 of the Municipal Court Act, which in substance provide that no judgment shall be reversed except for substantial errors of the Municipal Court directly affecting the matters at issue between the parties, and that the case must be decided upon its merits as they may appear from the statement or stenographic report signed by the judge.

It is urged secondly that we should reverse the case because the interest on the deposit, which is all that is at issue in the case, if payable to anyone is payable to Carter, as assignee, and not to Zustovich.    It would appear from the stipulated facts as shown above that on or about the first of June, 1906, the assignee, Carter, gave up possession of the premises and that the plaintiff entered into possession of the same and remained in possession for about four months, with the knowledge of the defendant, and during that time paid the rent specified in the lease.    Receipts, however, were made out to Carter.    After that time the plaintiff turned over the possession to one Schwartz, who continued to meet the monthly payment of rents to February 1, 1909, the defendant continuing to give receipts therefor in the name of Carter.    It further appears that Carter was in possession of the premises for only one month and that he then surrendered them to the plaintiff with the knowledge and consent of the defendant, who thereafter accepted the rent from the plaintiff and Schwartz.    We think the record clearly shows that the defendant practically treated the lease as having been reassigned by Carter to the plaintiff. Whether that is so or not, we do not agree with the defendant that by the assignment of the lease Carter was to receive the benefit of the $1,350 which had been deposited. It is quite clear that the deposit was made to guarantee

Republic Mfg. Co. v. Strackbein, 163 Ill. App. 49.

the performance of the lease by the lessee, and by the lease the defendant agreed that he would pay Zustovich interest upon it at 3 per cent.    The terms of the lease having been complied with it follows that the interest upon the fund is now due the lessee, and the judgment will be affirmed.

*Affirmed.*