### SANFORD v. ZIMMERN et al.

(Supreme Court, Appellate Term. May 9, 1912.)

BANKRUPTCY (§ 140*)—PROPERTY OF BANKRUPT—DEPOSIT BY TENANT AS SECURITY.

Where a tenant made a deposit with the landlord as security for the rent, and the landlord covenanted to return the money on the tenant performing the conditions of the lease, the covenant for the return of the money was personal and collateral, and did not run with the land, and an assignee of the tenant could not sue thereon; but the trustee in bankruptcy of the tenant could recover it, where the conditions of the lease were performed by the tenant.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 221, 225; Dec. Dig. § 140.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles P. Sanford, as trustee in bankruptcy of James J. Penny and another, individually, and the firm of Penny & Anderson, against Joseph Zimmern and another. From a judgment of the Municipal Court, rendered for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Lesser Bros., of New York City (George L. Stamper, of New York City, of counsel), for appellant.

Hays, Hershfield & Wolf, of New York City (Walter J. Rose, of New York City, of counsel), for respondents.

SEABURY, J. This action is brought to recover $500 deposited by Penny & Anderson as security for carrying out the terms of a lease which the defendants made to Penny & Anderson for the term of two years from May 1, 1909. The landlords agreed to return the sum so deposited at the expiration of the lease, provided all the covenants on the part of the tenants have been performed.

In July, 1909, Penny & Anderson assigned their lease to one Weiss, who assigned it to the Lincoln Square Restaurant Company, which assigned it to one Jensen. In August, 1911, Penny & Anderson, individually and as copartners, were duly adjudged bankrupts, and the plaintiff was duly appointed trustee of their estate. It is conceded that the lease has expired, and that its terms and conditions were fully complied with on the part of the tenants. The covenant under

which the money was deposited was for the benefit of the lessor. It was collateral and personal, and did not run with the land. Under these circumstances the assignee of the tenants cannot sue upon it. Fallert Brewing Co., Limited, v. Blass, 119 App. Div. 53, 103 N. Y. Supp. 865.

We are of the opinion that the learned court below erred in dismissing the complaint, and that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.