(81 Misc. Rep. 137.)

### WERTHEIMER v. MARKS.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

LANDLORD AND TENANT (§ 79*)—LEASE—ASSIGNMENT—SECURITY.

 Where a lease contained a covenant against assignment without permission of the landlord, and also provided that a deposit made by the tenant to secure faithful performance of the conditions of the lease should be retained by the landlord until the expiration of the term, at which time it should be repaid to the tenant without interest, provided all conditions had been complied with, and that no claim or demand arising on nonpayment of such sum should be assigned to any person, but that a claim therefor should be personal to the tenant, such provision was valid, so that an assignment of the lease with the landlord's consent did not pass to the assignee the right to recover the deposit.

 [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 235, 244–253; Dec. Dig. § 79.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Alfred Wertheimer against Sarah Marks. From a judgment for plaintiff, defendant appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1913, before LEHMAN, BIJUR, and WHIT-AKER, JJ.

K. Henry Rosenberg, of New York City, for appellant.

Maxim Birnkrant, of New York City (Louis Rosenberg, of New York City, of counsel), for respondent.

WHITAKER, J. This is an action to recover $170 deposited with the defendant by Sarah Newman upon the execution of a lease by Sarah Marks to Sarah Newman of a certain store in New York City for a period of four years from May 1, 1908. Sarah Marks, the defendant, executed a four-year lease of property to Sarah Newman. Said lease was dated February 12, 1908. The term commenced on May 1, 1908, and expired on April 30, 1912. The lease contained a covenant against assignment without the consent of the owner. It also contained a provision as follows:

"The said tenant, upon the execution of this lease, hereby deposits with the said landlord the sum of $170, the receipt whereof is hereby acknowledged, as and for security for the faithful performance on the tenant's part of all the conditions on her part to be performed in and by this instrument, and which sum shall be held and retained by the landlord until the expiration of this lease, by its terms, to wit, May 1, 1913, at which time the said amount shall be repaid to the tenant, without interest, provided all of the conditions on her part to be performed in and by this agreement have been fully carried out and performed. No claim or demand arising upon the nonpayment of the said sum so deposited, or any part thereof, shall be assigned to any person or persons, and any claim therefor shall be personal with the tenant herein."

The said lease was assigned by Sarah Newman to Nathan Israel on June 11, 1908, and by Nathan Israel in blank on the same day. On August 4, 1908, the landlord indorsed the said lease, as follows:

"I hereby consent to the assignment of the within lease from Mrs. Sarah Newman to Mr. Nathan Israel and from Nathan Israel to Alfred Wertheimer."

Wertheimer is the plaintiff herein. These assignments are attacked in defendant's brief, but they are admitted by the answer, and the only question to be determined is: Did the assignment invest in the assignee the right to demand and recover the $170 deposited by Sarah Newman, the original lessee, with Sarah Marks, the lessor, at the time of the execution of the lease?

It will be observed that the lease contained an express agreement that the tenant shall not assign her interest in this sum and that the claim to it shall remain personal with the lessee, Sarah Newman. The lease contains two express and distinct provisions in reference to assignment. The first is that the lease shall not be assigned without the consent of the landlord, which implies, of course, that it may be assigned with the landlord's consent. The other is that the deposit of the $170 shall not be assigned at all. The lease was assigned to the plaintiff, and the defendant landlord consented thereto. The deposit was not assigned, unless it is held that the assignment of the lease to the plaintiff carried the right to the deposit with it, and vested the right and title to such deposit in the ultimate assignee, who is the plaintiff.

There is no legal objection to the agreement entered into between the landlord, Sarah Marks, and the lessee, Mrs. Newman, that the tenant should not assign the deposit. Fortunato v. Patten, 147 N. Y. 277, 41 N. E. 572. This deposit was intended as an indemnity by the original tenant that the covenants of the lease should be kept, not only by her, but by her assignees. The title to this deposit would ordinarily remain in her, unless there was disclosed an intention on the part of the parties to the assignment of the lease that such assignment should carry with it the title to the deposit; and while it is true generally that all the rights of the lessee will pass with an assignment of the lease, still there may be personal covenants that have nothing to do with the beneficial enjoyment of the rights and privileges under the lease, and which, while incorporated in the lease, may not pass with a simple assignment thereof.

I can see no legal objection to the court giving force and effect to this provision of the lease forbidding the lessee to assign this deposit made by her. The assignees must be presumed to have known of this provision in the lease, and to have taken the lease subject thereto. It is not a covenant in favor of the lessee, or one necessary to the beneficial enjoyment of the property leased. It is a separate and distinct personal agreement, and in the nature of a restriction upon the powers of the lessee. A lessee cannot avoid a strictly personal agreement by assigning the lease.

The opinion in the case of Shattuck v. Buek, 77 Misc. Rep. 95, 136 N. Y. Supp. 103, cited by respondent, contains no statement as to what the provisions contained in the assignment of the lease were, nor does it contain any statement as to what the provisions of the lease were. The question as to the right of the assignee to recover the deposit under the terms of the lease and assignment was neither raised nor discussed.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.