Law, § 58), and the statutory discharge from imprisonment of a person so sentenced cannot restore the person thus discharged to his former marital rights.

Motion granted. Settle order on notice, when application for a stay pending appeal may be made if the corporation counsel shall desire to review the order to be entered hereon.

---

(158 App. Div. 808.)

### MILLER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 14, 1913.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action against a street railway company for personal injuries, evidence *held* insufficient to show that plaintiff, who was nearing his place of debarkation, was thrown from the car by sudden increase of speed after it had slowed down for the stopping place.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

2. CARRIERS (§ 303*)—CARRIAGE OF PASSENGERS.

Where a passenger on a street car had requested the conductor to stop at the next corner, the conductor is not bound to foresee that the passenger who stood on the step of the car would attempt to leave it while it was in motion, having the right to assume that the passenger was merely holding himself ready to alight when the stop was made.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1216, 1218, 1224, 1226–1232, 1234–1240, 1243; Dec. Dig. § 303.*]

Appeal from Kings County Court.

Action by Christian Miller against the Brooklyn Heights Railroad Company. From a judgment for plaintiff and an order denying its motion for new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

D. A. Marsh, of Brooklyn, for appellant.
William V. Burke, of Brooklyn, for respondent.

JENKS, P. J. [1, 2] I think that the preponderance of evidence is that, just before the car reached its usual stopping place at a street corner, the conductor signaled the motorman to stop the car in order that a passenger might alight, that the said passenger was about to do so while the car was in motion, and that thereafter, as the car was "rolled"—moving slowly—to the far side of the said place of stoppage, the plaintiff fell or stepped off the car.

The assigned negligence is that the plaintiff was not afforded a reasonable opportunity to alight because the slowly moving car suddenly "shot right ahead"; in other words its speed was suddenly increased. This sudden acceleration is testified to by the plaintiff and by his son, a lad of 12 years, who happened to be in the street at the time. But the conductor, the motorman, the passenger, Mr. Morris, and two spectators who were at this corner, Mr. Crimmins and Mr. Burke, tes-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tify that there was no increase of speed whatever, but that the car was moving slowly to the usual place of stoppage. I can perceive no reason why a car so near to a place of stoppage and moving towards it should be suddenly speeded on. The lad testifies that the conductor gave two bells as a signal for the motorman to speed on the car. But the plaintiff says that he heard but one bell, that he is sure that is the only one he heard, and that as he was alighting he did not hear any other bell. The conductor denies that he rang two bells, the motorman testifies that he did not receive such a signal, and Mr. Morris says that he did not see the conductor give two signals for the car to go ahead. I think that the evidence is against the plaintiff upon this issue.

I think that the verdict was against the weight of the credible evidence. The exercise of due care did not require the conductor to foresee that the plaintiff, even though he stood upon the step of the car, would attempt to leave the car while it was in motion and before it reached the street corner, for the plaintiff himself testifies that he had told the conductor "to stop at the next corner, please," and as the next corner was near at hand the conductor had the right to assume that the plaintiff but held himself ready to alight when that corner was reached. He had no reason to assume from the mere position of the plaintiff that he intended to alight before the car reached that corner.

The witness Mr. Morris testifies that his attention was attracted to the plaintiff because the plaintiff swayed back and forth, and that he kept watch of the plaintiff for fear that he might lurch from the car, for the plaintiff could not apparently keep his balance, and that finally he did "lurch" off the car. The plaintiff admits that he quit his work at 5 p. m., that after that he went to only one saloon, he "guesses," and that he stayed there long enough to take only one glass of beer, that his companion in the saloon, Nelson, was pretty drunk, but then he testifies Nelson had not been working that day while the plaintiff had been at labor. The plaintiff also testifies that when he was on the car he was in a hurry to get to his home.

I think that the judgment and order must be reversed, and a new trial must be ordered; costs to abide the event. All concur.