LOUIS POLLACK, Plaintiff, *v.* STEPHEN H. JACKSON, Defendant.

City Court of the City of New York, March 20, 1925.

Landlord and tenant — security under lease for rent — action to recover value of Liberty bonds deposited by tenant with defendant as security under lease — motion by defendant under Civil Practice Act, § 287, to have present landlord interpleaded as defendant in action — defendant holds bonds for benefit of present landlord who claims damages for breach by tenant of covenants of lease — present landlord substituted for defendant in action.

Defendant's motion, pursuant to section 287 of the Civil Practice Act, in an action to recover the value of Liberty bonds deposited by plaintiff, as tenant, with the defendant as security for rent under a lease, to have the present landlord interpleaded as defendant in said action, should be granted, on condition that defendant deposit a certain part of the security or the value thereof to the credit of the action and deliver or pay over the balance to the plaintiff, where it appears that the defendant, the present landlord's grantor, who has no personal interest in the security, holds the bonds for the benefit of the present landlord who has made a demand upon him for them, claiming a stipulated amount as damages for the breach by the tenant of various covenants of the lease which provided that the security was to be retained by the landlord until the expiration of the term.

MOTION by defendant under section 287 of the Civil Practice Act to have the present owner substituted as defendant in an action to recover the value of Liberty bonds deposited as security under a lease.

*Phillips, Jaffe & Jaffe,* for the plaintiff.

*Henry Perlman,* for the defendant.

SHIENTAG, J.:

The plaintiff brings this action to recover the sum of $1,225, representing the amount of eleven Liberty bonds of the face value of $1,000 with coupons, deposited by the plaintiff with the defendant as security under a lease dated September 19, 1919, between the plaintiff as tenant and the defendant as landlord for a term expiring October 1, 1924. The lease provided that the security was to be retained by the landlord until the expiration of the term. In May, 1924, before the lease expired, the property was sold subject to the lease to one Max Gottnick, who in the same month sold the property to the present owner, Ida Levy, and assigned the lease to her. The defendant in this action admits that he has the Liberty bonds demanded in the complaint, but that he is holding them for the benefit of the present owner, who has made a demand upon him for them, claiming the sum of $515 as damages for the breach by the plaintiff of various covenants of the lease while she was the landlord. Two parties claiming the security, the defendant moves under section 287 of the Civil Practice Act to have the present owner, Ida Levy, substituted as a defendant in his place and stead upon his depositing the Liberty bonds which he holds in such manner as the court may direct. It has been well established that a covenant to repay security deposited under a lease is a personal covenant and does not run with the land (*Sanford* v. *Zimmern*, 76 Misc. 434); that where the lease provides that the security is to be retained until its expiration the tenant is not entitled to its return prior thereto although his landlord has in the meantime sold the premises (*Seletzsky* v. *James*, 69 id. 612); that a new landlord, although taking subject to the lease, is not entitled to receive the security from his grantor (*Mauro* v. *Alvino*, 90 id. 328), and that in a suit by the tenant against his original landlord for a return of the security after the expiration of the lease the landlord cannot in his own right counterclaim for damages for breach of the covenant of the lease occurring after the assignment of the reversion. (*Knutsen* v. *Cinque*, 113 App. Div. 677. See, also, Lewis Leases, 445–452, and cases there cited.) In *Mauro* v. *Alvino* (*supra*) the Appellate Term of the Supreme Court, First Department, by LEHMAN, J., went a step further and in a dictum held: " The grantee who takes subject to a lease should also, on principle, obtain the benefit of

39

security deposited for the due performance of the lease. While he cannot compel his grantor to transfer the deposit to him because the grantor is bound by his covenant with the lessee personally to return it to him at the expiration of the lease, yet so far as the circumstances permit he should receive the benefit of this security. If his grantor is permitted to hold the security exactly as the parties have themselves provided, then upon the expiration of the lease, while the grantor could not counterclaim in his own right for any damages which may have accrued by reason of any breach on the part of the tenants, yet the grantee in whom such right of action rests could assign his chose in action to his grantor, and the grantor could, by virtue of such assignment, set up the counterclaim." If the new owner is entitled to the benefit of the security deposited with his grantor, a multiplicity of actions and of motions would be avoided if he were substituted as a defendant in the place of his grantor, who, for himself, claims no interest whatever in the security. The claim of the new owner is for $515 for damages for the alleged breach of covenants of the lease by the tenant. The entire amount of security on deposit is $1,225. An order will be made substituting Ida Levy as defendant in the place and stead of the defendant Stephen H. Jackson upon condition that on or before March 27, 1925, the defendant shall deposit with the city chamberlain of the city of New York the sum of $550 in Liberty bonds or cash, to the credit of this action, to be held subject to the further order of this court, and shall on or before that date pay over and deliver to the plaintiff the balance of the security, amounting to $675. The time of the defendant Stephen H. Jackson to answer is extended to and including March 27, 1925. Settle order on notice.