## WASHINGTON INDUSTRIAL BLDG. CO. v. NATIONAL BANK OF COMMERCE.
### No. 6006.

Circuit Court of Appeals, Ninth Circuit.
March 31, 1930.

S. H. Kelleran, of Seattle, Wash., for appellant.

Almon Ray Smith and Battle, Hulbert & Helsell, all of Seattle, Wash., for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

This action was begun by a bill of interpleader to determine the ownership of a deposit of $25,000 in the hands of W. S. K. Brown. The trial court determined that the National Bank of Commerce, formerly the National City Bank, was entitled to all of the fund except a small amount not now in controversy. The Washington Industrial Building Company, also claiming the fund, appeals from the decree. This money was deposited by James K. McDowall in compliance with the terms of a 99-year lease dated January 28, 1926, from Mary H. Murray et al. to James K. McDowall, lessee. The lease, among other things, provided for the construction of a building upon the leased premises by the lessee. The lessee was required by the terms of the lease to furnish a surety bond in the sum of $175,000, guaranteeing the completion of the new building, and, before the demolition of the building then upon the premises, agreed to make the deposit of $25,000 involved in this controversy. The terms of the lease with reference thereto are as follows:

"* * * And in addition the lessee shall, before such demolishment, pay into the hands of the lessors or their duly designated representative, twenty-five thousand ($25,000) dollars in money to be held by them or him until the due completion of the three story building herein agreed to be erected, as additional guarantee of the erection and completion of the same and as a guarantee against loss of the rents now being received; which said sum lessors agree to repay to lessee upon the due completion of said three story building, free and clear of liens and demands in the manner and within the time herein designated; but in case of default in the due performance of the covenants and conditions of this lease with reference to the erection and completion of said three story building within the time and in the manner herein agreed said sum of twenty-five thousand ($25,000) dollars shall be retained by lessors as liquidated and agreed damages suffered by them by reason of the demolishment of the buildings now on said premises and the consequent loss of rents."

The appellant bases its claim to the deposit upon an assignment of the lease. The first assignment of the lease was executed by J. K. McDowall, the lessee, and his wife to the Union Street Building Company on February 27, 1926. On October 1, 1926, while the Union Street Building Company held the lease under this assignment, J. K. McDowall executed the assignment of this deposit to the National City Bank under which the trial court sustains the claim of the appellee, its successor. When McDowall applied to the National City Bank in September, 1926, for a loan of $25,000, he exhibited the instrument of lease to the officers of the bank, and stated that he was the owner of the lease and of the deposit of $25,000 which had thereto-

fore been made and which was then in the hands of W. S. K. Brown; and that he desired to secure the proposed loan by an assignment of said deposit and to use the money thus obtained for the purpose of the erection of the new building called for by the terms of the lease. The officers of the bank at Seattle, Wash., immediately communicated with W. S. K. Brown in San Francisco, and were informed that he held this deposit of $25,000 under the terms of the lease, and would pay it to the parties entitled thereto when the purpose of its deposit had been accomplished. Thereupon the bank made the loan and took an order by McDowall upon Brown dated October 1, 1926, as security. This order was sent immediately to Brown on October 1st, the date of the loan, and was accepted in writing by Brown on October 5th, and thereupon returned to the bank. At the time of this transaction McDowall was president and general manager of the Union Street Building Company to which he and his wife had theretofore assigned the lease. They were the sole trustees of that corporation, and owned all but five of the two thousand shares of its capital stock. During this period McDowall was making all the expenditures on account of the lease from his own funds, and was operating in his own name; and he continued thereafter to do so with the exception of the proceeds of one loan later secured from another bank. Thereafter, on the 20th of June, 1927, the Union Street Building Company assigned the lease to the North Pacific Building Company, and on the 10th of August, 1928, the North Pacific Building Company assigned the lease to the appellant. The appellant bases its claim to the fund solely upon these assignments of the lease. The appellee, on the other hand, claims that this agreement to repay the deposit to the lessee was a personal covenant which did not run to the land, and therefore was not transferred by these assignments. The clause of the assignment relied upon by the appellant to convey the title to the deposit is as follows:

" * * * Have sold, assigned, transferred and set over and by these presents do sell, assign, transfer and set over unto said Union Street Building Co. the instrument of lease and leasehold estate created by said instrument. * * *

"To have and to hold the said instrument of lease, the leasehold estate created thereby and all improvements thereon unto the said Union Street Building Co., its successors and assigns forever.

"In consideration of the premises the said Union Street Building Co. does for itself, its successors and assigns, hereby accept the said assignment and transfer of lease and leasehold estate, and expressly agrees to assume each and all of the covenants and conditions therein contained, and by the recording of this assignment does expressly accept all of said terms, covenants and conditions, and agrees to punctually perform all of the same."

In view of the fact that McDowall secured the loan from the appellee by representing that he was the owner of the deposit, the Union Street Building Company, of which he was then president and general manager, could not set up title thereto as against the bank which has made a loan to McDowall in reliance upon his statement that the deposit belonged to McDowall. It must therefore be held that prior rights, if any, of the Union Street Building Company, were waived in favor of the bank, which was induced in this manner to advance money for the carrying on of the work required to be done by the lessee under the terms of the lease to which their attention was called. As to the rights of the assignees of the Union Street Building Company, it should be observed that before such assignments were made the appellee had perfected its title by notice to the stakeholder and by securing an acceptance of McDowall's order for the return of the deposit. The Supreme Court in Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 270, 68 L. Ed. 628, 31 A. L. R. 867, held that mere priority of notice of an assignment did not give a second assignee title to a chose in action as against a prior assignee, but noted the following exception:

"If the second assignee elects to rely on the representations of the vendor as to his title, and is deceived, he cannot shift his loss to the first assignee, unless some act or omission of the latter was proximate to the deception.

"Facts and circumstances may create an equitable estoppel against the first assignee. Herman v. Connecticut Mut. Life Ins. Co., 218 Mass. 181, 105 N. E. 450, Ann. Cas. 1916A, 822; Rabinowitz v. People's Nat. Bank, 235 Mass. 102, 126 N. E. 289. It would be unconscionable to permit him to prevail over a later assignee whom he had misled or deceived in respect of the assignor's title at the time of purchase by the latter. But, assuming a duty on the first purchaser

to protect a subsequent assignee against deception and fraud by the assignor, there is no ground for subordinating his claim, unless his failure was an element in or contributed to the deception. In the absence of inquiry by the subsequent purchaser, the failure of the first to give notice is immaterial." Salem Trust Co. v. Mfg. Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867.

 Applying this rule to the facts above stated, the first assignment to the Union Building Company would by reason of the representations of McDowall, its president and general manager, be subordinated to the claim of the appellee bank, and the subsequent assignments would be subordinated to the claims of the appellee who had theretofore secured an acceptance of its order. See Third Bank of Philadelphia v. Atlantic City (C. C. A.) 130 F. 751. We find it unnecessary to pass upon the question as to whether the assignment of the lease otherwise was sufficient to vest title to the deposit in the assignee. There is persuasive authority to the contrary. Nemtzoff v. Vagnier (Sup.) 163 N. Y. S. 1075; Shattuck v. Buek, 158 App. Div. 809, 143 N. Y. S. 1045; Zustovich v. Morrison, 163 Ill. App. 44; Werthemier v. Marks, 81 Misc. Rep. 137, 142 N. Y. S. 331; Sanford v. Zimmern, 76 Misc. Rep. 434, 134 N. Y. S. 1116.

Judgment affirmed.