# CIRCUIT COURT OF THE CITY OF ROANOKE

David A. Wallace

    v.

Edward Dramberger et al.

October 19, 2000

Case No. CL99-426

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff landlord leased the premises to Defendant tenant who, with the landlord's approval, subleased it to Defendant subtenant. Plaintiff alleges that subtenant breached the lease agreement by using the kitchen stove in an unreasonable manner so as to cause fire damage to the apartment in direct violation of the lease and that Defendant tenant is also liable under the lease. In the alternative, Plaintiff alleges subtenant's negligence caused the fire and resulting damage and that Defendant tenant is likewise liable for subtenant's negligence. Defendant tenant demurs claiming that he owes no duty under the contract to the landlord because the sublease constituted a novation and released him from the original lease. Defendant tenant also argues that he cannot be held vicariously liable for the subtenant's negligence, and that the specific language of the lease shows that it was the intent of the parties that he should not be held liable for fire damage. The Court finds the position taken by the landlord persuasive on the contract issue but finds for the tenant on the negligence issue.

*Release of Tenant*

As briefed by the Plaintiff, "it is an elementary principle of landlord-tenant jurisprudence that a tenant is responsible for a sub-tenant's breach of

the lease." *Capital Commercial Properties, Inc. v. Vina Enterprises, Inc.*, 250 Va. 290, 294 (1995). In addition, "[i]t is well established that an assignment of a lease does not relieve the lessee of liability under the lease even when the lessor consents to the assignment." *Cavalier Square, Limited Partnership v. Virginia Alcoholic Beverage Control Bd.*, 246 Va. 227, 231 (1993). This is because, upon the signing of the lease, tenant had both privity of possession and privity of contract with his landlord. Upon execution of the sublease, tenant lost privity of possession but continued in privity of contract. *Jones v. Dokos Enterprises, Inc.*, 233 Va. 555 (1987). Unless there was some sort of release granted by the landlord, the original tenant's duty under the original lease continued. See also *Monterey Corp. v. Hart*, 216 Va. 843 (1976). In this case, no such release of liability exists. Accordingly, the Court finds that the tenant's contractual obligations to the landlord are unabated and remain as set forth in their original lease agreement.

## Breach of Contract

Broken down to its lowest common denominator, Plaintiff's motion for judgment accuses Defendant subtenant of breaching the sublease by using the stove in the apartment in an unreasonable manner, thus causing a fire and damage to the premises. He contends that Defendant tenant is also liable because the breach of the sublease by the subtenant causes the tenant to be in breach of the original lease. This is similar to a negligence action in that the Plaintiff must show a duty owed to him by the tenant, a violation or breach of that duty, and resulting damages. In this case, however, the duty owed to the landlord is defined by contract. When reading the pleadings on demurrer, the Court "will consider as *true* all material facts alleged in the motion for judgment, all facts impliedly alleged, and all reasonable inferences that may be drawn from the alleged facts." *Robinson v. Matt Mary Moran, Inc.*, 259 Va. 412 (2000). Upon review of the motion for judgment, the Court finds that the breach of contract count is properly pleaded.

## Vicarious Liability

Absent a special relationship, such as principal and agent, or absent a statutorily imposed duty, the concept of vicarious liability for negligence does not apply to the rights, duties, and obligations that exist between landlords, tenants, and subtenants. Since the Plaintiff has not alleged such a special relationship between the parties in this case, the Court finds that the tenant

cannot be held vicariously liable to the landlord for the negligent tort of the subtenant. Defendant tenant's demurrer to the negligence count is sustained.

Counsel for Plaintiff should prepare an appropriate order sustaining the demurrer to the negligence count, overruling the demurrer to the breach of contract count, and incorporating this letter opinion by reference.